William B. Lawless, J.
Petitioner union seeks to vacate all or part of the award of an arbitrator pursuant to subdivision 4 of section 1462 of the Hew York Civil Practice Act. Petitioner contends that the arbitrator exceeded his powers in changing the provisions of certain language in the contract by his award in *142 Grievance No. 563-14. In that grievance, the arbitrator stated: ‘ ‘ The company has violated Paragraph 151 following the lay-off of Stark by the assignment of 1 normal duties ’ of Traffic Co-ordinator to non-unit employees but has not violated Paragraph 151 by the assignment of work of a type customarily performed by non-unit employees.” (Emphasis supplied.)
Petitioner contends the arbitrator exceeded his authority by changing the labor contract through use of the italicized language. Paragraph 38 of the contract provides that he shall have “ no power to add or subtract from or modify any of the terms of this agreement.” Paragraph 151 of the contract provides: “ Normal duties of employees included in the bargaining unit covered by this agreement shall not be regularly assigned to employees not covered by the terms of this agreement. However, members of supervision may perform such duties under exceptional circumstances as follows: emergencies, absences of regular employees, instruction of others, and development of new methods and new projects.”
Three separate grievances were presented to the arbitrator (Robert F. Koretz, Professor of Law, Syracuse University), all were heard on March 22, 1962, and the arbitrator’s opinion and awards were issued May 3, 1962. He found that the company violated paragraph 151 of its contract by assigning ‘ ‘ normal duties ” of a laid-off employee to nonbargaining unit employees. However, the arbitrator also found that the company did not violate that paragraph by assigning work of a type “ customarily performed ” by nonunit employees to such persons. Petitioner objects to the second finding, saying the arbitrator modified paragraph 151 by using the words “ customarily performed ” in violation of paragraph 38 of the contract. The union contends further that the arbitrator imported an exception to paragraph 151 not covered by the agreement since nowhere in paragraph 151 is there authority for permitting nonbargaining unit persons to perform bargaining unit work merely because it is work which has been “ customarily performed ” by nonunit persons. Petitioner relies on Simons v. Publishers Assn. of New York City (94 N. Y. S. 2d 362 [Sup. Ct., N. Y. County, 1949]).
On November 14, 1961 Rodney Stark, an employee, included in the bargaining unit covered by this agreement, was laid off as a traffic co-ordinator, transferred to replace one McGill as an expeditor on November 15, and promoted to a job outside the unit on January 2, 1962. The arbitrator found that the work of the traffic co-ordinator had dwindled to less than two hours, therefore making it impracticable to keep an employee in that classification, that his work was reassigned to other employees *143 and to the shipping and receiving supervisor who ‘ ‘ is performing only a small part of the function, most of which he has always done in the past. ’ ’
The critical question of fact before the arbitrator was whether * ‘ normal duties ’ ’ of the traffic co-ordinator had been regularly assigned to nonunit personnel. The arbitrator answered that such work was not encompassed by the prohibition of paragraph 151 against the assignment of “ normal duties ”. He concluded that certain duties of the traffic co-ordinator now performed by the shipping and receiving supervisor were duties which the supervisor had “customarily performed” in the past. From this he reasoned that these duties were not “normal duties ” of the traffic co-ordinator within paragraph 151 because they were “not distinctively” bargaining unit work.
Although the courts may not substitute their interpretation of a collective bargaining agreement for that of the arbitrator, they are required to review the proceedings to determine whether the arbitrator has misread the contract or exceeded his powers in the process of interpretation. (Civ. Prac. Act, § 1462.) As the Supreme Court stated in Steelworkers v. Enterprise Corp. (363 U. S. 593 [1960]) at page 599: “The question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator’s construction which was bargained for; and so far as the arbitrator’s decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.” See, also, Steelworkers v. American Mfg. Co. (363 U. S. 564 [1960]), wherein Justice Douglas admonished against judicial intervention in grievance proceedings ‘ ‘ under the guise of interpreting the grievance procedure ”. In such cases the court “ usurps a function which * * * is entrusted to the arbitration tribunal.” [Steelworkers v. American Mfg. Co., supra, p. 569.)
The New York courts look to principles of Federal labor law and the Steehoorkers’ decisions (supra) apply to arbitration proceedings under the supervision of our State courts. With respect to the petition before us, we conclude that the arbitrator herein has neither misread the contract nor exceeded his • authority in defining the terms in dispute. Paragraph 35 of the contract contemplates that the arbitrator will interpret or apply the contract to specific grievances. In that process he must necessarily go beyond the literal wording of the contract. In Grievance No. 563-14 he interpreted “ normal duties ” of the traffic co-ordinator to exclude work customarily performed by nonunit employees and he found that the supervisor (Eied *144 hammer) had performed certain functions “ jointly ” with the traffic co-ordinator, viz., determined routes and carriers, interpreted Interstate Commerce Conimission Regulations, etc. In distinguishing “ normal duties” from those “ customarily performed ” by nonunit personnel he properly considered past practice. We believe that the arbitrator performed his duties in faithful compliance with the arbitration provisions of the contract.
The petition to set aside the award is, therefore, denied, without costs, because the contract is “ reasonably susceptible of the construction given it” (Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377, 383 [1960]) and intervention by this court would be contrary to the holdings in the Steeliuorhers’ cases (supra).